**Kevin M. RUSTAD, Plaintiff-Appellant,**

v.

**UNITED STATES AIR FORCE, the Secretary of the Air Force Superintendent, United States Air Force Academy, and the Academy Board, Defendants-Appellees.**

No. 82–1567.

United States Court of Appeals,
Tenth Circuit.

Sept. 28, 1983.

John F. Webb, Jr., Littleton, Colo., (Allan L. Zbar and Arlen S. Ambrose of Treece & Bahr, Littleton, Colo., with him on brief), for plaintiff-appellant.

Nancy E. Rice, Asst. U.S. Atty., Denver, Colo., (Robert N. Miller, U.S. Atty., and J. Stephen Phillips, Asst. U.S. Atty., Denver, Colo., with her on brief), for defendants-appellees.

Before McWILLIAMS, BARRETT and McKAY, Circuit Judges.

McWILLIAMS, Circuit Judge.

The issue is whether the Due Process Clause of the Fifth Amendment precludes the Air Force from denying a First Class (Senior) cadet representation by retained counsel at disenrollment hearings before a Hearing Officer and an Academy Board. The district court held that the Due Process Clause did not preclude such denial. We agree, and affirm.

Kevin M. Rustad was a First Class (Senior) cadet at the United States Air Force Academy when he was charged on February 12, 1982, with a number of conduct violations. The Vice-Commandant of Cadets notified Rustad by letter that an action was being brought under the provisions of Air Force Regulation (AFR) 53–3 to disenroll Rustad from cadet status. AFR 53–3 is entitled "Disenrollment of United States Air Force Cadets" and sets forth the administrative procedure governing disenrollment.*

Rustad was charged with being absent from required duty, maintaining a residence off the Academy, having an unauthorized guest in his room and other violations, including theft and the use of marijuana. Rustad exercised his right to present his case to a Hearing Officer and to have advice of counsel prior to the hearing. However, Rustad's request that he be permitted to have retained counsel present during the proceedings before the Hearing Officer was denied.

Hearings were held before the Hearing Officer from March 9 to March 31, 1982. Rustad was present at these hearings, but without counsel. The report of the Hearing Officer was sent to the Academy Board on April 12, 1982. The report stated that Rustad had not committed any theft, nor had he used marijuana. However, he was found to have committed various infractions of Academy rules and regulations.

Rustad then asked that he be allowed to appear with retained counsel before the Academy Board on April 28, 1982, the date when the Board was to consider Rustad's case and determine its recommendation concerning disenrollment, which recommendation would be forwarded to the Secretary of the Air Force. Rustad's request was denied. On April 29, 1982, the Academy Board decided that Rustad did not remain qualified as a candidate for graduation, and that he should no longer be allowed to attend classes or otherwise participate in Academy activities and training.

Rustad then filed a proceeding in the United States District Court for the District of Colorado seeking to enjoin enforcement of the Board's order and to bar disenrollment. The district court denied a preliminary injunction, and Rustad appeals. 28 U.S.C. § 1291. We affirm.

■ The appellees contend that by the passage of time the dispute is now moot. It

---

\* Such procedure does not permit either the cadet or the government to be represented by counsel at the hearing. However, a cadet may have counsel "standing by," available for consultation at any recess of the hearing. Rustad was so advised.

is true that the immediate relief sought by Rustad was to be placed back in the classroom in May, 1982, and to be allowed to take final exams, and that such is no longer possible. However, that is not necessarily the only relief which could be fashioned by this Court should Rustad prevail on the merits. It is conceivable that the appellees could be ordered to reinstate Rustad and allow him to somehow take up his academic work where he involuntarily left off in May, 1982. Such might be difficult, but still possible. In any event, we decline to dismiss on the grounds of mootness.

■ The district court did not err in denying the injunctive relief sought by Rustad. Under the circumstances described above, Rustad, under the Due Process Clause, did not have a constitutional right to be represented by retained counsel at either the proceeding before the Hearing Officer or at the deliberations of the Academy Board. In support of our holding, see *Hagopian v. Knowlton,* 470 F.2d 201 (2d Cir.1972) and *Wasson v. Trowbridge,* 382 F.2d 807 (2d Cir.1967).

Counsel would distinguish the above cited cases on the ground that in the present case Rustad was initially charged, though subsequently cleared, of criminal charges, and that *Hagopian* and *Wasson* indicated that a different result might be reached, where criminal acts were involved, as opposed to the typical disenrollment procedure based on non-criminal derelictions. Such distinction, in our view, does not have present pertinency. This was purely a disenrollment proceeding from the start, with the ultimate recommendation by the Board for disenrollment being based solely on military misdeeds, not criminal acts. Rustad's due process rights were not violated.

Judgment affirmed.

McKAY, Circuit Judge, dissenting:

Appellant was a senior at the Air Force Academy with little more than his final examinations to take before graduating with his bachelor's degree. At that time his commander recommended that he be expelled for personal misconduct, including the use of marijuana and larceny. Appellant was entitled to present his case to a hearing officer before he could be expelled. Appellant requested the right to be represented by legal counsel before the hearing officer who was an attorney. That request was denied. Although the hearing officer concluded that appellant had not used marijuana or committed theft, he nonetheless recommended that appellant be dismissed from the Academy. When that recommendation went before the Academy Board, appellant requested again that he be permitted to be represented by legal counsel. The request was again denied.

The Academy Board did not say that it excluded consideration of the use of marijuana (a felony) and committing larceny in its review of the recommendation. On the contrary, the Board's decision states:

1. The Academy Board, at Meeting 82–19, 28 April 1982, considered the Record of Hearing Officer Proceedings of 9–31 March 1982 pertaining to your alleged use of marijuana, commitment of larceny, repeated failure to meet required formations and repeated minor offenses.

2. The decision of the Academy Board is that you do not remain qualified as a candidate for graduation, in accordance with AFR 53–3, and that active duty not be waived. You will no longer attend classes or participate in cadet activities and training.

Plaintiff's Exhibit 10.

Appellant had invested four years in this academic program and was only a few weeks away from graduation. Among the charges raised against the appellant as grounds for expulsion were moral and criminal misconduct, the most severe of conceivable grounds. In light of the severity of the charges, it is clear that when applying the balancing test mandated by the United States Supreme Court, *Mathews v. Eldridge,* 424 U.S. 319, 335, 96 S.Ct. 893, 901, 46 L.Ed.2d 18 (1976), appellant was entitled to the highest level of due process which dismissal from an academic institution can mandate. Put another way, if appellant

was not entitled to be represented by counsel in this academic dismissal proceeding, then there is no circumstance in which dismissal from a public educational institution requires that the dismissed student be permitted on request to be represented by retained legal counsel. Neither the cases nor reason suggest that such a result would satisfy the minimum standards of due process.

No one has seriously challenged that appellant is entitled to due process in connection with his expulsion from this public educational program. *Goss v. Lopez,* 419 U.S. 565, 95 S.Ct. 729, 42 L.Ed.2d 725 (1975). The only question is whether the minimum standards of due process have been met in the circumstances of this case where the appellant was denied his request to be represented by his own counsel. The extent of the procedural protections required must be measured by the particular situation. *Mathews v. Eldridge,* 424 U.S. at 334, 96 S.Ct. at 902; *Morrissey v. Brewer,* 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972). That analytical process requires consideration of three factors: (1) the private interest that will be affected; (2) the risk that the procedure employed might cause an erroneous deprivation of that interest and the probable value of additional or substitute procedural safeguards; and (3) the government's interest, including the governmental activity and the administrative and fiscal costs the additional procedural requirements would entail. *Mathews v. Eldridge,* 424 U.S. at 335, 96 S.Ct. at 903.

In applying those standards, the interest of the appellant is obvious. Only a few days away from his bachelor's degree he was deprived of the benefits of four years of college education. At the outset of the dismissal proceedings he stood in danger of losing opportunities to complete his higher education because the underlying charges involved criminal and moral issues. *See Goss v. Lopez,* 419 U.S. at 574–75, 95 S.Ct. at 736. In addition, the criminal nature of

the charges presented to him a serious dilemma in connection with his testimony and possible self incrimination. *See Gabrilowitz v. Newman,* 582 F.2d 100 (1st Cir.1978).

The government interest involved is no greater than that of any other college or university. While one of the end results of graduation from the Academy may be appointment as a military officer, the Air Force is not required to appoint the candidate to a commission merely because he successfully graduates from the Academy. The issue under this prong of the balancing test is merely whether the additional procedure of allowing retained counsel to be present will damage any important governmental interest. That seems unlikely to the point of being fanciful. The Air Force in fact permitted that additional procedure for a period of twenty-six years.[1] No evidence appears in the record or in imagination to suggest that the continuation of that procedural protection will do any great harm to the conduct of the affairs of the Academy. Unlike many public educational institutions where citizen volunteers are responsible for conducting hearings, we are not dealing here with such persons who may sometimes be characterized as babes in the woods easily overwhelmed by a seasoned attorney. The Academy officers who conduct these hearings are professionals (the hearing officer in the case at hand was a lawyer) perfectly capable of managing a hearing with an attorney present without either unreasonable delay or the danger of being overwhelmed.

The seriousness of the charges underpinning this expulsion proceeding themselves suggest the danger inherent in not permitting the student to have counsel present. Indeed, the very fact that the hearing officer concluded that no crimes had been committed but that the appeal board appears not to have accepted that finding suggests the complexity necessitating advice of skilled counsel in determining procedural mandates as well as testimonial constraints

---

1. From its inception in 1955 the Air Force Academy provided *appointed* counsel in all disciplinary expulsion hearings. That practice was abandoned in 1981. Brief of Appellant at 8.

and the dangers of self incrimination. The danger that the student will not have made an adequate showing because of fears and concerns about the criminal nature of the charges also suggests the need for counsel.

Both the First and Ninth Circuits have recognized, in no more compelling circumstances, that a student facing expulsion is entitled, as a matter of minimum due process, to the presence and advice of counsel in those proceedings. *Gabrilowitz v. Newman,* 582 F.2d at 105–07; *Black Coalition v. Portland School District No. 1,* 484 F.2d 1040, 1045 (9th Cir.1973).

Because the Air Force Academy denied appellant minimum due process in denying him the right to have his counsel participate in the hearing which resulted in his expulsion from the Academy, I would reverse and remand to the trial court to shape appropriate equitable relief.